[No. 1124, February 25, 1907.]

## TERRITORY OF NEW MEXICO, Appellee, v. FELIX GONZALES, Appellant.

### SYLLABUS.

1. Under Comp. Law 1897, Sec. 1383, declaring a gun a deadly weapon, on a prosecution for an assault with a deadly weapon, the weapon consisting of a gun, it is not necessary that the indictment allege that the gun was loaded.

2. An indictment charging that defendant, at a certain time and place, with a deadly weapon, to-wit, a gun, in and upon one V. then and there unlawfully and feloniously did make an assault, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the territory, was not defective, on the ground that the elements of the offense were not sufficiently set out, or on the ground that it only charged a simple assault.

3. Comp. Laws 1897, Sec. 3145, providing that exceptions to the decision of the court upon any matter of law arising during the trial of the cause, or to the giving or refusing of instructions, must be taken at the time of such decision, is applicable to criminal cases.

4. A "felony" is defined by statute to be a public offense punishable with death, or which is, or, in the discretion of the court, may be, punishable by imprisonment in the penitentiary or territorial prison, or any other public offense which is or may be expressly declared by law to be a felony. Comp. Laws 1897, Sec. 1379, in relation to an assault with a deadly weapon, does not declare the crime to be a

felony, although it may become one by reason of the penalty imposed. Held, that though, on prosecution under section 1379, the indictment used the word "feloniously," there was no error in omitting it from the instruction as to the circumstances under which defendant should be convicted, as its use in the indictment was not necessary, and the jury were not required to fix the penalty.

5. A "felony" is defined by statute to be a public offense punishable with death, or which is. or, in the discretion of the court, may be, punishable by imprisonment in the penitentiary or territorial prison, or any other public offense which is or may be expressly declared by law to be a felony. Comp. Laws 1897, Sec. 1379, in relation to an assault with a deadly weapon, does not declare the crime to be a felony, although it may become one by the penalty imposed. Held that, on a prosecution under section 1379, it was not necessary that the indictment should charge the act to have been done feloniously.

6. Though Comp. Laws 1897, Sec. 1378, uses the word "unlawfully," it was not error, in an instruction as to the circumstances under which defendant might be convicted, to omit the word "unlawfully," where the jury were informed in such instruction that the assault must have been committed without excuse or justification, and another instruction defined an assault as an "unlawful attempt."

7. Comp. Laws 1897, Sec. 1381, makes it an offense for any person armed with a deadly weapon to insult or assault another without sufficient provocation, and section 1379 makes it an offense for any person to unlawfully assault or strike at another with a deadly weapon. Held, that where, on a prosecution for an offense under section 1379, the court, in an instruction as to the circumstances authorizing defendant's conviction, employed the phrase "without excuse or justification," a contention that the court had instructed under section 1381 was without merit.

8. Where, on a prosecution for an assault with a deadly weapon, defendant failed to request any instruction as to simple assault, and he was found guilty of an assault with a deadly weapon, he was not entitled to complain on appeal of the failure to charge on simple assault.

Appeal from the District Court for Socorro county, before FRANK W. PARKER, Associate Justice. Affirmed.

DOUGHERTY & GRIFFITH, for Appellant.

Indictment for assault with deadly weapon must allege that gun was loaded. Chapman v. State, 78 Ala. 463, 56 American Reports 42.

It is fatal in criminal pleadings to omit to set forth the facts constituting the crime charged. U. S. v. Cruickshanks, 92 U. S. 558; Prater v. The State, Vol. 12, Texas Criminal Appeals 397; Echols v. The State, Vol. 12, Texas Criminal Appeals, 615; Bishop's Criminal Procedure, Vol. 2, Sec. 58; Territory v. Armijo, 7 N. M. 571; 37 Pac. 1118.

Where the crime is created by statute and the statute uses the word unlawful, it must be used in describing the offense. Section 1379, Compiled Laws of 1897; Bishop's Criminal Procedure, Vol. 1, Section 503 and cases cited; Territory v. Miera, 1 N. M. 387; Territory v. Armijo, 7 N. M. 571.

An instruction of the court defining a statutory crime must follow the words of the statute. Hix v. People, Ill. Supreme Court (1895) 41 Northeastern 86?.

Under indictment for assault with a deadly weapon, defendant could be convicted of simple assault and battery. Chacon v. Territory, 7 N. M. 241. The failure of the court to instruct on common assault is necessarily fatal. Territory v. Nichols, 3 N. M. 133.

GEORGE W. PRICHARD, Attorney General, for Appellee.

In indictment for assault with a deadly weapon, it is not necessary to allege that the gun was loaded. Wharton's Precedents of Indictments, Volume 12, 216; Bishop on Crim. Procedure, Vol. 2, 56; Compiled Laws 1897, Section 1379.

In pursuance of statutory provisions a statement of the acts constituting the offense in plain, concise and intelligible language is all that is required so long as the defendant is not misled. Enc. of Pleading and Practice, Vol. 10, 477, and cases cited; Bishop on Criminal Procedure, 2nd. Vol. 64.

The charge that an offense was feloniously committed will not vitiate the indictment, notwithstanding the offense is only a misdemeanor. Am. Ency. of Pleading and Practice, Vol. 10, p. 494.

A gun is necessarily a deadly weapon without any further description under Section 1383, Compiled Laws of 1897.

The word, felonious, in an indictment for assault with a deadly weapon, is wholly unnecessary, but does not vitiate it. Compiled Laws, 1897, Sec. 1379.

Exceptions to the decision of the court upon any matter of law arising during trial, or to giving or refusing instructions, must be taken at the time of such decision. If not properly presented in a bill of exceptions they will not be considered on appeal. Compiled Laws, 1897, Sec. 3145; Wheelock v. McGee, 1 N. Mex. 573; Territory v. Perea, 1 N. Mex. 627.

### STATEMENT OF THE CASE.

The appellant, Felix Gonzales, was indicted for assault with intent to kill and for assault with a deadly weapon in two separate counts of the same indictment, upon one Samuel G. Vivian; was tried and convicted of assault with a deadly weapon under the second count of the indictment, and was sentenced to serve a term of three years in the Territorial penitentiary. Motions for a new trial and in arrest of judgment were filed and overruled, and the defendant in the court below appealed from the judgment to this court.

### OPINION OF THE COURT.

M'FIE, J.—The appellant complains of the action of the court in overruling his motion in arrest of judgment. It is contended that the second count of the indictment failed to charge assault with a deadly weapon, the crime for which he was convicted, and therefore the court should have arrested the judgment.

In the brief and oral argument of counsel for appellant it is insisted that if the second count alleges a crime, it is that of simple assault, and further, that it pleads a legal conclusion only. It is claimed that the in-

dictment is fatally defective in failing to allege that the gun was loaded.

In the case of the Territory v. Armijo, 7 N. M. 571, this court said:

"The offense as charged and the punishment as defined by our laws *is a statutory crime,* and it is necessary that the pleader in drawing indictments use the language of the statute applicable to the offense as defined by the statute."

This states the general rule as to indictments for statutory offenses and a reference to the count objected to, shows that it complies with this rule of law. In fact, it goes further than the statute, as it uses the word "feloniously" which is not used in the statute. Under the laws of this Territory, all guns are declared to be deadly weapons, and there is no requirement of statute, under the deadly weapon act, that the gun must be loaded. Sec. 1383 C. L. 1897.

It is also objected that the second count "wholly failed to set out any facts and circumstances of the assault with a deadly weapon." Counsel are in error as to this, as the indictment does set out quite sufficient to put the defendant upon notice of the charge brought against him, and that is all that is necessary.

The second count after stating the time and place, alleges that the defendant, naming him, "with a certain deadly weapon, to-wit, a gun, in and upon one Samuel G. Vivian, then and there unlawfully and feloniously did make an assault; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the Territory of New Mexico."

The elements of the offense seem to be sufficiently set out to apprise the defendant of the offense for which he was being tried, when it is understood, that by statute, all guns are declared to be deadly weapons. The minute details of the manner of the assault are matters of evidence and not of pleading. The objection that this court only charges a simple assault, is not well taken.

The second error assigned, is the overruling of a motion for a new trial made in the court below, based upon the

alleged failure of the court to give proper instructions, and the giving of improper instructions.

Section 3145, C. L. 1897, provides that "Exceptions to the decision of the court upon any matter of law arising during the trial of the cause, or to giving or refusing instructions must be taken at the time of such decision." While this section is applicable the record does not show that any exception was taken at the time to any of the instructions, the first objection being made in the motion for a new trial filed two days after the verdict was rendered. No advantage is sought to be taken of this in this court, and we will therefore consider the case upon its merits.

The only paragraph of the instructions of the court to which specific objection is made in the motion for a new trial, is paragraph 13, which is as follows:

"The defendant is charged in the second count of the indictment with an assault with a deadly weapon upon the said Vivian. If you do not believe from the evidence or if you entertain a reasonable doubt from the evidence as to whether the said defendant fired the shot at and towards the said Vivian with intent to murder the said Vivian, as heretofore explained to you, still, if you believe from the evidence beyond a reasonable doubt that at any time within three years next prior to the 7th day of December, 1904, in the county of Socorro and Territory of New Mexico, the defendant committed an assault upon the said Vivian with a loaded gun and such assault was committed without excuse or justification, then you should find the defendant guilty as charged in the second count of the indictment."

The objection is, that the words "Feloniously and unlawfully" are omitted, and therefore the court did not instruct the jury upon all the law of the case.

The word "unlawfully" is used in the statute, but the word "feloniously" is not, and while the indictment in this case uses the word "feloniously" as well as "unlawfully", very respectable authority holds it to be unnecessary to use "feloniously" in an indictment, much less in instructions, where the offense is purely

statutory. At common law it should be used in indictments for felonies, as has been repeatedly held. In Vol. 22, Cyclopedia of Law & Procedure, page 331, it is said that

"In some states it is now held that the term 'felony' having lost its ancient English signification and acquired the meaning of a crime punishable by death or imprisonment in a state prison, the reason for the rule requiring the use of the word 'feloniously' has ceased, and with it the necessity of such employment; State v. Felch, 58 N. H. 1; Northington v. State, 14 Lea (Tenn.) 424, and it has been said that where, under the statute defining an offense, felonious intent is made no part of the crime, but the crime is complete without it, and depends upon another and different criminal intent, it is not necessary to aver that the act was feloniously done. Bannon v. U. S., 156 U. S. 464; U. S. v. Staats, 8 How. 41. In some jurisdictions it is held under statutes abolishing technicality of criminal pleading that 'feloniously' need not be employed in an indictment where it is omitted from the statutory definition of the offense."

Note 41, cites cases from California, Colorado, Iowa, Kentucky, Louisiana, Minnesota, Nebraska, Oregon, South Carolina, Washington, and Illinois.

In this Territory the rule is that the language of the statute is sufficient in an indictment in ordinary cases, and the present, is not an exceptional case.

Our statute defines a felony as follows: "A felony is a public offense punishable with death, or which is, or, in the discretion of the court, may be punishable by imprisonment in the penitentiary or Territorial prison; or any other public offense which is, or may be, expressly declared by law to be a felony."

Section 1379, C. L. 1897; under which the indictment was drawn does not expressly declare the crime of assault with a deadly weapon to be a felony, although it may, in the discretion of the court become a felony by reason of the penalty imposed. In this Territory however, the jury do not fix the penalty, nor is the court required to instruct them as to the penalty which alone determines whether an offense charged is a felony or mis-

demeanor. The jury determine the guilt or innocence of the accused from the facts disclosed by the evidence as applied to the law given them by the court, and so far as the jury are concerned, it is immaterial whether the facts constitute a felony or misdemeanor. There appears no substantial reason for the use of such technical words not required by the statute, and in failing to use the word "felonious" in paragraph 13, the court did not commit error.

The word "unlawfully" is, by statute, descriptive of the crime of assault with a deadly weapon, and is properly used in the indictment as a matter of pleading. **6** Whether it should be used in the instructions of the court, it is not necessary for us to consider in this case, for while the word "unlawfully" is not used in the paragraph objected to, language equivalent thereto is used, and this is sufficient under the decisions of this court. Territory v. Ruis, 10 N. M. 120; Davis v. Utah Territory, 151 U. S. 153.

In paragraph 13, the court instructed the jury that if they believed from the evidence beyond a reasonable doubt that at any time within three years prior to the 7th day of December, 1904, in the county of Socorro and Territory of New Mexico, the defendant committed an assault upon the said Vivian with a loaded gun, and such assault was committed without excuse or justification, then they should find the defendant guilty as charged in the second count of the indictment. The words "without excuse or justification" are clearly equivalent to the word "unlawful", and the jury would of necessity so regard them.

In paragraph 3, the court informed the jury that "An assault is an unlawful attempt coupled with a present ability to commit violent injury upon the person of another", and the court further instructed the jury to bear this and other definitions in mind in considering the case. Thus the jury were informed that to constitute an assault, it must be unlawful. This court has repeatedly held that the charge of the court must be considered as a whole, and if the entire charge of the court presents the law of the case fairly to the jury, it is sufficient, and we believe the

law was fairly presented by the charge of the court in this case. Chaves v. Territory, 6 N. M. 455; Torlina v. Trolicht, 6 N. M. 54; Kirchner v. Laughlin, 6 N. M. 300; Territory v. Leyba, 47 Pac. 718.

Counsel for defendant contend that the court instructed the jury under Sec. 1381, whereas the indictment was drawn under Sec. 1379. There is no apparent reason for this contention, as the language used by the court is not "without sufficient provocation" used in Sec. 1381, but "without excuse or justification" not used in either section, and therefore general language evidently intended to supply the omission of the technical word "unlawful."

It is further insisted that the court erred in not instructing the jury as to simple assault. The argument of counsel is, that if the jury did not find that a deadly weapon was used, they might still find the defendant guilty of a simple assault, and therefore the court did not instruct the jury as to the law of the case. The jury having found the defendant guilty of assault with a deadly weapon, and the court having charged the jury fully as to that offense, it is apparent that the offense of simple assault was not a part, nor considered by the jury as a part of the case as to which the court was called upon to instruct. If counsel for defendant had offered, and requested the court to give the jury instruction as to simple assault, and the court had refused to do so, then this question would be properly before us, but inasmuch as counsel did not offer or request such instruction, at the trial, it is not necessary for us to consider it in this case.

The judgment of the court below will be affirmed with costs. It is so ordered.