State v. Chenault, 20 N. M. 181

OPINION OF THE COURT.

---

[No. 1721, March 11, 1915.]
STATE v. CHENAULT.

SYLLABUS BY THE COURT.

1. Under section 1349, Comp. Laws 1897, which provides that "any person or persons who shall entice away and seduce or carry off any woman, who may be a minor under the care of her parents, relations or guardian, such person who shall so do, or shall have them in their possession for evil purposes, * * * shall be fined," etc., the having in possession of a woman of the age and condition described in the statute for the purposes of "unlawful sexual intercourse" is rendered criminal by the statute. P. 184

2. "Unlawful," as used above, does not necessarily mean contrary to some statute or to the common law, but means "unauthoried by law."                                P. 184

Appeal from District Court, Roosevelt County; McClure, Judge.

William T. Chenault was convicted of feloniously having in his possession for evil purposes a woman and minor, in violation of Comp. Laws 1897, § 1349, and appeals. Affirmed.

COMPTON & COMPTON of Portales and H. D. TERRELL of Silver City, for appellant.

A penal statute, to be valid, must define the offense with certainty.

It must be sufficiently definite to show what the Legislature intended to punish.

Clark & Marshall Law of Crimes, sec. 45, p. 59; State v. Partlow, 91 N. C. 550; Forster v. Territory, 1 Wash. 411, 25 Pac. 459; State v. Mann, 2 Oreg. 238.

An enactment will be pronounced invalid when it is so uncertain or confused that the court cannot discern with reasonable certainty what is intended.

Bish. Stat. Crimes (3d Ed.) 41; Cheemez v. State, 3 Ind. 149; King v. State, 2 Ind. 149; Huntsville v. Phelps, 27 Ala. 55; Sullivan v. Adams, 3 Gray, 476; State ex rel. McClain v. Leidtke, 9 Neb. 468; State v. Craig, 23 Ind. 185; Drake v. Drake, 4 Dev. 110.

The failure of the court to instruct as to "evil purposes" and "unlawful sexual intercourse" is sufficient ground for reversal.

Sec. 2992, C. L. 1897.

IRA L. GRIMSHAW, Assistant Attorney General, for the State. GEORGE L. REESE of counsel.

Statute is not invalid for uncertainty. It was enacted in Spanish in 1856. Only when the statute is so uncertain and indefinite as not to indicate the matter or thing to which it relates or because no judicial certainty can be settled upon it, is the court authorized to declare it invalid.

36 Cyc. 969; 26 A. & E. Enc. L. 656; Lewis-South. Stat. Const., sec. 86.

Evil means morally bad, wrong or wicked, sinful or depraved, vicious, corrupt.

Funk & Wagnall's N. Stand. Dict.

Purpose means object. Meaning of words may be restricted or expanded by the subject matter of an act. The true meaning is that which best accords with the subject and general purpose of the act.

2 Lewis-South. Stat. Const., secs. 348, 381.

The statute is very broad when given the meaning ascribed it by a definition of its terms, but is definite, certain and capable of enforcement.

No proper exception was made by appellant to any of the instructions, and therefore he cannot be heard to attack them in this court.

Territory v. Lobato, 17 N. M. 666, 682.

### OPINION OF THE COURT.

MECHEM, District Judge.—The appellant was convicted on the following count:

"That William T. Chenault, late of the county of Roosevelt, in the state of New Mexico, on the 22d day of December, in the year one thousand and nine hundred and thirteen, at the county of Roosevelt, in said state of New Mexico, one ———, then and there being a woman and minor, to-wit., of the age of seventeen years, under the care of her parents, ———, and ———, in said county and state aforesaid, unlawfully

and feloniously did have in his possession for evil purposes, to-wit, for the purpose of unlawful sexual intercourse, contrary," etc.

The statute is as follows:

"Any person or persons who shall entice away and seduce or carry off any woman, who may be a minor under the care of her parents, relations or guardian, such persons who shall so do, or shall have them in their possession for evil purposes, upon complaint of any person, shall be fined," etc.    Section 1349, Comp. Laws 1897.

[1]    Counsel for appellant insist that the words "for evil purposes," as used in this statute, are so vague and indefinite in their meaning that those whose duty it is to execute the criminal laws cannot say with certainty what acts the Legislature thereby intended to penalize. In this connection the language of the Supreme Court of Vermont, in the case of State v. Milliard, 18 Vt. 577, 46 Am. Dec. 170, a prosecution for indecent exposure of the person, strikes us as quite apt:

"No particular definition is given by the statute of what constitutes this crime. The indelicacy of the subject forbids it, and it does not require the court to state what particular conduct will constitute the offense. The common sense of the community, as well as the sense of decency, propriety, and morality which most people entertain, is sufficient to apply the statute to each particular case, and point out what particular conduct is rendered criminal by it."

That the conduct of which appellant stands charged and convicted is rendered criminal by this statute is so indubitably indicated by both common sense and common morality as to make any argument in support of such conclusion wholly superfluous.

[2]    Even if admitted that the phrase "unlawful sexual intercourse" describes the act of fornication only, and further that fornication is not criminal, either by the statutes of this state, nor was it at common law, yet the use of the word "unlawful" is not therefore erroneous.

"'Unlawful' does not necessarily mean contrary to law. 'Un' is a preposition used indiscriminately, and may mean simply 'not,' and 'unlawful' may mean simply 'not authorized by law.'" MacDaniel v. United States, 87 Fed. 324, 30 C. C. A. 670.

Sexual intercourse is either lawful or unlawful, according to the relation of the parties. State v. Whealey, 5 S. D. 427, 59 N. W. 211.

From the record it appears that the exceptions taken to the instructions and refusal to give instructions were filed three days after the trial. They will therefore not be reviewed. Territory v. Lobato, 17 N. M. 666, 134 Pac. 222. We have read the entire record and the instructions complained of, and find that the issues involved were fairly presented to the jury.

The judgment of the lower court is affirmed.

ROBERTS, C. J., and HANNA, J., concur.