441 P.2d 226

Clarence HOFFMAN, Defendant-Appellant,

v.

STATE of New Mexico, Plaintiff-Appellee.

No. 128.

Court of Appeals of New Mexico.

May 3, 1968.

Norman D. Bloom, Alamogordo, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

ARMIJO, Judge.

Clarence Hoffman was tried by jury and was convicted of unlawfully issuing a worthless check, and was sentenced. Following his conviction he filed a motion under § 21-1-1(93), N.M.S.A.1953, whereby he sought to have the judgment and sentence set aside on the grounds he

was mentally ill at the time the offense was committed and incompetent to stand trial and that he was denied due process. The motion was denied without a hearing.

This appeal follows entry of order denying the motion.

Being indigent appellant was afforded court appointed counsel at all stages of the proceeding.

The information, filed September 22, 1966, charges the commission of the offense on September 4, 1966.

On September 28, 1966, appellant was arraigned on the information and he entered a plea of not guilty. He filed a motion for hospitalization for mental illness on his allegation that he was then mentally ill and was mentally ill when the offense was committed. The trial court conducted a hearing on the motion, heard part of the testimony following arraignment, and after recess, resumed the hearing October 24, 1966, and at the conclusion thereof, denied the motion and fixed October 31, 1966, as the date for trial.

The court at the time of overruling the motion indicated it might entertain a subsequent motion and if heard would submit the issue of insanity to a jury as a separate issue prior to trial on the information. No additional motion was filed and this issue was not submitted for jury determination.

The record of the hearing on the motion respecting mental illness discloses appellant had a history of mental disorders dating from 1959; that he had been examined in mental institutions as indicated by a detailed report from the Veterans Administration Hospital, Canandaigua, New York; that he suffered from lapse of memory; and at the time of his arrest, he was in the Veterans Hospital in Albuquerque where he had gone for treatment because of a condition which appellant described as "I went down because, well, just seemed to be walking in a daze or something." "Just seemed everything just useless to me." "Well, like I said,

I just felt all mixed up and everything." He was under medication for pains in his head and while in said hospital in Albuquerque he was placed in a mental ward where he was advised that he would be sent to Fort Lyons, Colorado, to a veterans hospital for the mentally ill, and while preparations were being made for this transfer, he was arrested. On cross-examination he testified:

"Q. Do you feel that you need to have a mental examination?

"A. Well, I need some help of some kind.

"Q. Why do you think you need help?

"A. Oh, I'm just all upset all time and life to me just ain't—is useless.

"Q. Pardon?

"A. Life to me just don't seem no value.

"Q. Something was said about trying to commit suicide. Did you try to commit suicide?

"A. Yes, sir.

"Q. How did you try?

"A. I took Darvon and other pills they give me."

He had attempted suicide on several occasions: twice while in custody and during the period between the date of arraignment and the date when the hearing was resumed. In the first of these attempts he cut his wrists.

After the last attempt at suicide following his taking an overdose of pills, appellant was treated by Dr. R. C. Sherman, a medical doctor, who by affidavit filed in the case, stated that after examination he believed and was convinced appellant was in need of psychiatric care and treatment and recommended his commitment to the New Mexico State Hospital in Las Vegas, because of psychiatric disorders.

The State offered no evidence, and the foregoing recited evidence stands uncontradicted.

The issues of appellant's sanity at the time of the commission of the

offense and his inability to effectively aid in his own defense during trial were raised by his motion for mental examination. The matters developed at the hearing, we think, were sufficient to require a conclusion that a reasonable doubt existed on the sanity issue, so that to proceed to trial on the information without submitting this issue to the jury was a violation of the statute then in force (§ 41–13–3, N.M.S.A.1953, now repealed), as interpreted in State v. Folk, 56 N.M. 583, 247 P.2d 165 (1952). The Folk case held that:

> " * * * upon the issue being raised the accused is by right under our statute, [Sec. 41–13–3] supra, entitled to have the jury pass upon it."

■ The procedure to be followed by one claiming insanity at the time of trial under said statute is set forth in State v. Upton, 60 N.M. 205, 290 P.2d 440 (1955) and quoted with approval in State v. Garcia, 78 N.M. 136, 429 P.2d 334 (1967):

> " '1.) No particular method of bringing the question of defendant's present sanity to the attention of the trial court is required. 2.) Once the issue has been raised the trial court is under a duty to inquire into the matter. 3.) The trial court must rule as to whether a reasonable doubt exists as to the sanity of the accused. 4.) If the trial court rules affirmatively the issue must be submitted to the jury for determination.' "

In the case before us, appellant brought the sanity issue to the court's attention and a hearing was held and in denying the motion, the court concluded that a reasonable doubt did not exist on this issue. This foreclosed the submission of this issue to the jury for determination. It was this denial of the defendant's motion by the trial court which we think constituted an abuse of discretion.

■ The State argues that appellant waived his right to have the issue submitted to the jury when he failed to renew his motion. In this contention we disagree.

The court had denied appellant a psychiatric examination. Since he was indigent, it is doubtful he could have produced more proof than what he presented at the hearing. There was little or nothing more to be offered in support of a second motion on the same issue.

■ We conclude that the record requires a finding of reasonable doubt on the issue of sanity and it follows that the issue should have been submitted to the jury for determination. This we think amounted to a denial of a fair trial upon the merits and compels the granting of a new trial. Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); State v. Garcia, 19 N.M. 414, 143 P. 1012 (1914).

■ This case arose prior to enactment of § 41–13–3.2, N.M.S.A.1953, which reads in part as follows:

> "Upon motion of any defendant, the court shall order a mental examination of the defendant before making any determination of competency * * *.
>
> Where the defendant is determined to be indigent, the court shall pay for the costs of the examination from funds available to the court."

The benefits of this statute are now available to this appellant.

For the reasons stated, the case is reversed and remanded with directions to grant appellant a new trial.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.