600 P.2d 820

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Jack STEPHENS and Michael Colby,
Defendants-Appellants.**

No. 12271.

Supreme Court of New Mexico.

Oct. 1, 1979.

Reginald J. Storment, Sante Fe, Leon Taylor, Albuquerque, for defendants-appellants.

Jeff Bingaman, Atty. Gen., Arthur Encinas, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

EASLEY, Justice.

The defendants Jack Stephens and Michael Colby appeal from their convictions of first-degree murder. We discuss whether the trial court should have, sua sponte, ordered a severance of the trial of the two defendants, and whether the trial court abused its discretion in admitting certain evidence.

Both defendants and the victim were inmates at the penitentiary of New Mexico. Defendants were charged with beating the victim to death with baseball bats at the penitentiary.

Evidence was admitted against each defendant which, allegedly, would not have been admissible against the other defendant had they been tried separately. Over objections, the trial court also admitted into evidence testimony regarding splinters which had been removed from the hand of defendant Colby the day after the murder; two letters, one allegedly written by Colby and the other allegedly written to Colby by another inmate; and, two photographs of the victim.

■ The defendants, having insisted on being tried jointly, now assert that the trial court has discretion to order a severance, sua sponte, and that its failure to do so was an abuse of discretion. Defendants cite New Jersey cases holding trial courts have discretion to order a severance sua sponte. *State v. Tapia*, 113 N.J.Super. 322, 273 A.2d 769 (1971), and cases cited therein. The parties agree that this issue has not been decided in New Mexico. We decline to decide it now because, on the facts of this case, even if the trial court possessed such authority, there was clearly no abuse of discretion. The record plainly indicates that the defendants waived separate trials. Counsel for defendant Colby requested a severance; but his client, after being fully advised of his rights by the trial judge, refused a separate trial.

Colby argues that the trial court erred in allowing testimony that wood splinters were removed from his hand on the day following the murder. The splinters were not available because they had been lost or their whereabouts were unknown. He claims prejudice because it denied the defense an opportunity to perform tests in order to determine whether the splinters were in fact related to a cracked baseball bat allegedly used in the murder. Colby argues that this prejudice outweighed any probative value that the testimony may have had.

The testimony was clearly relevant and had probative value. There was testimony of an eye witness to the murder. The eye witness testified that he saw Colby and Stephens strike the victim with baseball bats. One of the bats which was admitted into evidence was cracked. The testimony that wood splinters were removed from the hand of defendant Colby on the day following the murder clearly had a tendency to make more probable the State's theory the Colby had struck the victim with the cracked baseball bat. N.M.R.Evid. 401, N.M.S.A.1978.

Regarding the prejudice to defendant Colby by the State's failure to produce the actual splinters, Colby argues that good or bad faith is immaterial, citing *Lauderdale v. State*, 548 P.2d 376 (Alaska 1976). The Supreme Court of Alaska held that it was reversible error for the State not to have produced an ampoule used in a breathalizer test, the results of which test were admitted against the defendant in his trial for driving while intoxicated. In *Lauderdale*, the evidence in question was clearly obtained by the police for the purpose of use in the subsequent criminal prosecution.

■ We recognize that the State has a duty to preserve, where reasonably practical, relevant evidence obtained in the investigation of a crime. However, in the present case, the splinters were not removed from Colby's hand for the purpose of obtaining them as evidence. The record does not indicate that the investigation of the murder had focused on either defendant at that time. The splinters were removed from Colby's hand for the purpose of providing medical treatment, which the penitentiary is required to do. The medical personnel at the penitentiary may well have thrown the splinters away, or lost them prior to there being any indication that they were relevant to the murder.

■ The trial court had discretion regarding the examination of witnesses. *State v. Hogervorst*, 90 N.M. 580, 566 P.2d 828 (Ct.App.1977); *cert. denied*, 90 N.M. 636, 567 P.2d 485 (1977). We find no abuse

of discretion in this case, and the testimony regarding the splinters was properly admitted.

Colby argues that the trial court erred in admitting into evidence two notes, one of which was allegedly written by Colby, and the other allegedly written to Colby by another inmate. The notes related to the defendant's alibi defense. A handwriting expert testified that the writing on each of the notes was the same as the handwriting which appeared on documents in the inmates' respective files at the penitentiary. The specific objection was that the samples used to compare the handwriting in the notes were not shown to have been written by the respective inmates.

 The records custodian at the penitentiary testified that the samples which were used in the handwriting analysis were from the files regularly kept at the penitentiary. Although he did not personally testify that he saw the respective inmates make the writings which were used as samples, he did testify that the writings were the result of regular procedures at the penitentiary. We have held that similar evidence regarding fingerprints is admissible, if regularly kept in the course of penitentiary business, even though the records custodian did not personally see the fingerprints made. *State v. Linam*, 18 N.M.St.B.Bul. 67, 93 N.M. 307, 600 P.2d 253 (1979); *State v. Gallegos*, 91 N.M. 107, 570 P.2d 938 (Ct.App.1977). We see no reason why the same rule should not apply to writings made by inmates and regularly kept in the course of penitentiary business. We hold that the samples were admissible under N.M.R.Evid. 901(b)(7). We therefore conclude that the notes themselves were properly authenticated, and were admissible under N.M.R.Evid. 901(b)(3).

Finally, the defendants argue that the trial court abused its discretion in admitting into evidence photographs of the victim. Defendants argue that the photographs merely aroused the passions of the jury and that their prejudicial effect outweighed their probative value. Defendants argue that the photographs had no relevance because the means of death was not an issue;

rather, alibi was the defense theory. However, the record indicates that on cross-examination of the State's medical witness, an issue was raised as to whether the injuries were caused by a brick rather than a baseball bat.

The admission into evidence of photographs of the victim is within the discretion of the trial court. *State v. Noble*, 90 N.M. 360, 563 P.2d 1153 (1977). "The photographs were used to illustrate, clarify, and corroborate the testimony * * * concerning * * * wounds of the victim * * * *" *Id.* at 363, 563 P.2d at 1156. We find no abuse of discretion in the admission into evidence of the photographs of the victim.

The convictions of the defendants are therefore affirmed.

IT IS SO ORDERED.

FEDERICI and FELTER, JJ., concur.