595 P.2d 414

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Albert SAIZ, Defendant-Appellant.**

**No. 3867.**

Court of Appeals of New Mexico.

May 1, 1979.

John B. Bigelow, Chief Public Defender, Michael J. Dickman, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Sammy J. Quintana, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Defendant appeals his conviction of shoplifting merchandise valued over $100. Section 30–16–20, N.M.S.A.1978. We proposed summary affirmance; however, the appeal was reassigned to the limited calendar as to one issue. N.M.Crim.App. 207(d). The issue involves the propriety of the prosecutor's comment to the grand jury. The comment was:

> This case was before you on a previous hearing. It was dismissed by Judge Baiamonte concerning, due to confusion over the identity of the defendant, and we are now again seeking an indictment on him.

Defendant contends the comment was "inherently prejudicial" and, thus, a violation of due process. The "inherent prejudice" claimed is that the comment informed the grand jury that although its previous indictment had been dismissed, the grand jury should reindict. Defendant asserts the comment improperly colored the grand jury's evaluation of the evidence and influenced its assessment of whether there was probable cause to charge the defendant with a criminal offense. See § 31–6–10, N.M.S.A.1978.

Defendant ignores the facts and the reasoning of the trial court. The trial court remarked that the previous indictment had been dismissed because defendant indicated his name was other than Albert Saiz. The trial court wanted the grand jury to review the matter to insure that the proper person was charged. Defendant was known under several aliases, five aliases are listed in the indictment pursuant to which defendant

was convicted. The trial court was of the view that presenting the matter to the grand jury a second time (after the first indictment was dismissed because of the identity question) was for the protection of the defendant. We agree.

Relying on *Davis v. Traub*, 90 N.M. 498, 565 P.2d 1015 (1977), defendant asserts the grand jury is not the tool of the prosecutor to be manipulated at the will of the prosecutor. We agree, but there is no manipulation in this case. The prosecutor did no more than explain why a matter, previously considered, was again being presented to the grand jury. This case is not at all similar to *Davis v. Traub*, supra, where prejudice was presumed. For the conviction in this case to be reversed, an affirmative showing of prejudice is required. Rule of Crim.Proc. 7(a) and (d). No prejudice has been shown.

The judgment and sentence are affirmed.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.