624 P.2d 1033
STATE of New Mexico,
Plaintiff-Appellee,

v.

Jose Ray GONZALES,
Defendant-Appellant.

No. 4703.

Court of Appeals of New Mexico.

Feb. 3, 1981.

637 at top right.

Alonzo J. Padilla, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Eddie Michael Gallegos, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

A jury found that the defendant had committed an aggravated battery upon Mr. Holman with a firearm. Aggravated battery with a deadly weapon is a third degree felony, § 30–3–5(C), N.M.S.A.1978, which carries a basic sentence of three years imprisonment. § 31–18–15(A)(3), N.M.S.A. 1978 (Cum.Supp.1980). Pursuant to § 31–18–16, N.M.S.A.1978 (Cum.Supp.1980) requiring that the basic sentence be increased by one year when a firearm is used in the commission of a noncapital felony, the trial judge sentenced defendant to four years imprisonment, with all but the first year of the sentence suspended. Defendant's request to serve his sentence at the Bernalillo County Detention Center was denied.

The five issues presented in defendant's brief are: 1) whether the indictment should have been dismissed because of the failure of the prosecuting attorney to present exculpatory evidence to the grand jury; 2) whether the firearm enhancement provision can be applied to the sentence of a defendant convicted of aggravated battery with a deadly weapon; 3) whether certain evidence was improperly excluded at trial; 4) whether there was sufficient evidence to support the jury's verdict; and 5) whether the trial court did not have the power to commit the defendant to the Bernalillo County Detention Center instead of turning him over to the State Department of Corrections to serve his sentence. Other issues listed in the docketing statement but not argued in the brief are deemed abandoned. *State v. Gallegos*, 92 N.M. 336, 587 P.2d 1347 (Ct.App.1978). We affirm the judgment of the trial court.

■ *Grand jury proceedings.* In proceedings before the grand jury the prosecuting attorney is required by statute to present evidence that directly negates the guilt of the person under investigation. § 31–6–11, N.M.S.A.1978 (Cum.Supp.1980). The appellate court may review the actions of the prosecuting attorney to determine if he knowingly withheld exculpatory evidence from the grand jury. *State v. Harge*, 94 N.M. 11, 606 P.2d 1105 (Ct.App.1979). When the prosecuting attorney does knowingly withhold exculpatory evidence from the grand jury, the defendant is denied due process of law. *State v. Herrera*, 93 N.M. 442, 601 P.2d 75 (Ct.App.), *cert. denied*, 93 N.M. 683, 604 P.2d 821 (1979). Exculpatory evidence is evidence reasonably tending to negate guilt. *Herge*. The reviewing court is to objectively analyze the evidence that was withheld to determine whether it actually tended to negate the defendant's guilt. *Herrera*.

The evidence not presented to the grand jury was the testimony of Thomas Washington, an eyewitness. His testimony, which was presented by the defense at trial, was that he was working directly across the street from where the incident occurred when he heard the sound of metal grinding against metal. He looked up and saw Mr. Holman's vehicle forcing defendant's pickup truck off the street and into a telephone pole. He did not hear any gunshot.

■ This evidence is not exculpatory. Defendant does not argue that he did not shoot Mr. Holman. The question is whether he fired in self-defense. According to his version of the incident, he fired during or after the incident in which he was forced off the road, and so acted in self-defense. Mr. Holman asserts that the shot was fired first, and that he then swerved into defendant's vehicle to prevent him from firing again. Mr. Washington's testimony supports the inference that the shot was fired first, before he was aware of the commotion in the street, and before the defendant's truck was forced off the road. This testimony does not tend to negate defendant's guilt, and the exclusion of it from the grand jury proceedings is no ground for dismissing the indictment. The trial court did not err in refusing to do so.

■ *Firearm enhancement.* Defendant's argument, that the firearm enhancement statute, § 31–18–16, cannot be applied against a defendant convicted under another statute that provides an increased penalty for having committed a specific felony

with a deadly weapon, has already been decided. In *State v. Gabaldon*, 92 N.M. 230, 585 P.2d 1352 (Ct.App.), *cert. denied*, 92 N.M. 260, 586 P.2d 1089 (1978), this court held that neither the rules of statutory construction nor the federal and state constitutional provisions against double jeopardy prohibit the application of the firearm enhancement statute to a person convicted of armed robbery, when the weapon used was a firearm. Although the present case concerns aggravated battery with a deadly weapon, rather than armed robbery, the reasoning is the same in both instances.

*Busic v. United States*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980), cited by defendant, does not help him. The decision was based solely on the interpretation of federal statutes and is a clarification of the holding in *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), a case which we considered in deciding *Gabaldon*. The United States Supreme Court has interpreted federal statutes in *Simpson* and *Busic*, but that was not an interpretation of New Mexico statutes and, thus, the federal decisions are not controlling. *See, Gabaldon*. No error was committed in enhancing the defendant's sentence pursuant to § 31–18–16 for the commission of an aggravated battery with a firearm under § 30–3–5(C).

*Exclusion of evidence.* At trial the defendant wished to introduce evidence of specific incidents to show the aggressive character of the victim, Mr. Holman. It is claimed this evidence is admissible under N.M.R.Evid. 404(a)(2) and 405(b), N.M.S.A. 1978. The trial court refused the evidence, apparently on the basis that it was not relevant since the specific incidents occurred several months after the defendant shot Mr. Holman. *See*, N.M.R.Evid. 401, N.M.S.A.1978.

█ We need not decide whether specific instances of conduct may be used to prove the character of the victim when self-defense is raised. Even if the evidence were relevant, it should have been excluded on the basis that it would confuse the issues and mislead the jury. N.M.R.Evid. 403, N.M.S.A.1978; *State v. Barela*, 91 N.M. 634, 578 P.2d 335 (Ct.App.), *cert. denied*, 91 N.M. 610, 577 P.2d 1256 (1978).

Accepting the defendant's version as true, the evidence was that several months after the shooting, Mr. Holman came running out of his house shouting obscenities and threats and pointed a rifle at the defendant, as the latter was driving by the house. There were two other incidents, also occurring after the shooting, which were to show the violent propensities of the victim.

█ Evidence as to who was the aggressor in later incidents would only confuse the issue of who was the aggressor when Mr. Holman was shot. Such evidence could easily mislead the jury. Its probative value, if any, was outweighed by the danger of confusion. The court was correct in refusing to admit this evidence. The trial court will not be reversed when it reaches the correct result for the wrong reason. *H. T. Coker Construction Co. v. Whitfield Transportation, Inc.*, 85 N.M. 802, 518 P.2d 782 (Ct. App.1974).

█ *Sufficiency of evidence.* In considering a claim of insufficient evidence, the appellate court must view the evidence in the light most favorable to the jury's verdict and resolve all conflicts and indulge all permissible inferences in favor of the verdict. *State v. Carter*, 93 N.M. 500, 601 P.2d 733 (Ct.App.), *cert. denied*, 93 N.M. 683, 604 P.2d 821 (1979). Conflicts in evidence are to be resolved and the weight and effect of the evidence determined by the finder of facts. *State v. Bloom*, 90 N.M. 192, 561 P.2d 465 (1977).

Mr. Holman testified that after he was shot, he drove straight to the hospital. His passenger, Mr. Puccetti testified that they drove to the south valley to pick up Mr. Holman's father before proceeding to the hospital. Defendant argues that these inconsistencies along with Mr. Washington's testimony that he heard no shot raise a reasonable doubt as to the defendant's guilt. This contention is without merit.

█ The evidence must be sufficient to justify a rational trier of fact in finding

guilt beyond a reasonable doubt with respect to every element essential to a conviction. *Carter.* Based on the testimony of a witness and all the participants, including defendant's admission that he fired at Mr. Holman, there is sufficient evidence for a rational trier of fact to find beyond a reasonable doubt that the defendant committed aggravated battery with a firearm.

■ *Place of serving sentence.* A judge has the discretion to decide where a sentence will be served only when the term of imprisonment is less than one year. Otherwise, the incarceration will be at a corrections facility designated by the Criminal Justice Department. § 31–20–2, N.M.S.A. 1978 (Cum.Supp.1980). All but one year of the defendant's sentence having been suspended, he was to be incarcerated for one year. The court had no power to determine where he would serve this sentence.

Following *State v. Pendley*, 92 N.M. 658, 593 P.2d 755 (Ct.App.1979), the defendant urges that the case be remanded to the trial court for consideration of a deferred sentence. We said in *Pendley* that the firearm enhancement statute would allow a deferred sentence for a first offender. However, the statute has been amended since that decision. *Pendley* interpreted § 31–18–4, N.M.S.A.1978. The current firearm enhancement statute, § 31–18–16, N.M.S.A. 1978 (Cum.Supp.1980), prohibits either suspension or deferral of the first year of the sentence for a first offense. Since the trial judge has no power to defer the first year of defendant's sentence we need not decide if it might not otherwise be desirable.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

WOOD and HENDLEY, JJ., concur.