657 P.2d 107

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Jessie Joseph TRUJILLO,
Defendant-Appellant.**

No. 13888.

Supreme Court of New Mexico.

Nov. 30, 1982.

Rehearing Denied Jan. 21, 1983.

Deborah Lee Bohl, Roger A. Wagman, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Tony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

PAYNE, Chief Justice.

The defendant, Jessie Trujillo, was convicted on two counts of first degree murder in the deaths of prisoner Bobby "Barbershop" Garcia and prison guard Louis Jewett. He was also convicted of one count of assault by a prisoner committed on another prison guard. He was jointly indicted with Richard Reynaldo Garcia but was tried separately. Trujillo was convicted and although the State sought the death penalty, the jury could not unanimously agree to impose it. Instead, Trujillo was sentenced to two life terms and three years, to run consecutively. This is a direct appeal from those convictions.

In a pretrial motion, the defense unsuccessfully sought to prevent death qualification of the jury. The court conducted voir dire on the death penalty question in panels of five prospective jurors. The procedure followed that approved in *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), in that jurors were excused who responded that (1) they could not vote to impose the death penalty under any circumstances, or (2) they could not vote to convict a person of a crime for which the penalty of death might be imposed.

In *Witherspoon,* the Supreme Court heard evidence from unpublished studies which indicated that juries excluding persons with scruples against the death penalty were more prone to convict. The Court said sufficient data were not available to deem it necessary to exclude such persons from the guilt-innocence phase of trial but implied it might decide differently in the face of adequate scientific evidence. Since then, numerous studies have been performed. *See Hovey v. Superior Court of Alameda Cty.,* 28 Cal.3d 1, 616 P.2d 1301, 168 Cal.Rptr. 128 (1980). Results of those studies were examined by the trial court in this case in conjunction with Trujillo's pretrial motion to prevent death qualification. Trujillo now claims that the death qualification procedure violated his sixth and fourteenth amendment rights to a representative jury and to a fair and impartial jury.

The rule in *Witherspoon* has been interpreted in subsequent cases, *see Adams v. Texas,* 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980), but has never been applied so as to invalidate a conviction like Trujillo's. *Witherspoon* expressly permits a State to exclude prospective jurors whose views on capital punishment are such as to render them unable to obey their oaths and follow their instructions. *Adams, supra* 44, 100 S.Ct. at 2526. It is unnecessary to reconsider this doctrine so clearly expressed by the United States Supreme Court. The trial judge closely followed the guidelines set forth and we hold that death qualification, properly conducted, is not grounds for reversal.

Trujillo also claims that the trial judge should have conducted the death qualification portion of voir dire individually. However, the district court has discretion in determining how voir dire should be conducted and reversal is available only where the discretion is abused. *State v. Frank,* 92 N.M. 456, 589 P.2d 1047 (1979). The trial court began by separating those panelists who were opposed to the death penalty and then, in groups of five, inquired whether such panelists could return a guilty verdict based on the evidence. The court then asked each panelist if he or she was irrevocably committed to vote against the death penalty regardless of the facts of the case. This procedure satisfies the demands of due process. *See Turner v. Com.,* 221 Va. 513, 273 S.E.2d 36 (1980).

Trujillo argues that his proposed instruction, which would require the panelist to "consider" the death penalty, would qualify the panelist to sit under the *Witherspoon* rule. We disagree. The *Witherspoon* rule clearly disqualifies a panelist who cannot follow the law with respect to the death penalty. An instruction that he do so is insufficient to assure that he will.

Trujillo asserts that the panel included an excessive proportion of persons related to law enforcement personnel. He requested a continuance in order to obtain

evidence related to this assertion. The trial court refused to continue the trial or to quash the jury panel. Trujillo did not establish any violation of Section 38–5–16, N.M.S.A.1978, which permits a challenge to the jury panel on the ground that its members were not selected in accordance with law. We are not inclined to open a new avenue for challenges where an adequate statutory remedy exists and was not used. Accordingly, we uphold the court's exercise of discretion in refusing to grant a continuance.

The remaining points in the appeal have been considered by the Court but need not be discussed because they involved the trial court's exercise of discretion. We hold that there was no abuse of discretion requiring reversal.

The judgment is affirmed.

IT IS SO ORDERED.

SOSA, Senior Justice, and FEDERICI, J., concur.